HELEN SCHIFF, Plaintiff, *v.* ALVEE SPORTSWEAR CO., INC., et al., Defendants.

NEW YORK CREDIT MEN'S ADJUSTMENT BUREAU, INC., as Trustee in Bankruptcy of ALVEE SPORTSWEAR CO., INC., Plaintiff by Counterclaim, *v.* HELEN SCHIFF et al., Defendants by Counterclaim.

Supreme Court, Special Term, Kings County, March 14, 1951.

*Joseph M. Schwartz* for Helen Schiff, plaintiff and defendant by counterclaim, and Globe Indemnity Company, defendant by counterclaim.

*I. Jonas Speciner* and *Julius M. Arnstein* for New York Credit Men's Adjustment Bureau, Inc., defendant and plaintiff by counterclaim.

*Margaret Edelstein* for Leo P. Marx, defendant by counterclaim.

ARKWRIGHT, J. These are two motions to dismiss a counterclaim pursuant to subdivision 1 of rule 109 of the Rules of Civil Practice, upon the ground that the court does not have jurisdiction of the subject of the counterclaim.

The complaint alleges a cause of action seeking to set aside an assignment and transfer made by the defendant, Alfred Schiff, to the defendant Alvee Sportswear Co., Inc., on the ground that the same was made without consideration and without notice to the defendant Schiff's creditors. The counterclaim interposed by the New York Credit Men's Adjustment Bureau, Inc., as trustee in bankruptcy of Alvee Sportswear Co., Inc., seeks to have the court adjudicate that the lien obtained by the plaintiff, Helen Schiff, and the levy made upon the property then standing in the name of the defendant, Alvee Sportswear Co., Inc., is null and void upon the ground that at the time of the levy such defendant was insolvent and became bankrupt within four months after such levy was made.

Previously hereto, this court decided that it had jurisdiction of the cause of action alleged in the complaint and that the defendant's counterclaim was sufficient as a matter of law. Upon the present application the movants contend that this court has no power to determine the merits of the counterclaim until the bankruptcy court gives it permission. This is not so.

A reading of subdivision e of section 67 of the Bankruptcy Act (U. S. Code, tit. 11, § 107, subd. [e]) indicates that there is no such restriction or limitation in this statute and that this court has concurrent jurisdiction with the Federal court to entertain the present counterclaim.

Subdivision e of section 67 provides: " e. For the purpose of any recovery or avoidance under this section, where plenary proceedings are necessary, any State court which would have had jurisdiction if bankruptcy had not intervened and any court of bankruptcy shall have concurrent jurisdiction."

Collier in his authoritative work on Bankruptcy (Vol. 4, [14th ed.], § 67, p. 371) states: " What present § 67e does is to confer concurrent jurisdiction for the purpose of any recovery or avoidance *under* § *67,* where plenary proceedings are necessary, on ' any State court which would have had jurisdiction if bankruptcy had not intervened and any court of bankruptcy.' "

And at page 384: " Concurrent jurisdiction in the bankruptcy court and the state court where the suit would have been brought had bankruptcy not intervened does not mean that there is any division of jurisdiction between state and federal courts. ' There is no conflict of authority between the federal and the state court in a matter of this character. There is no occasion for division of jurisdiction. The first court taking jurisdiction of the substance of the litigation disposes of all the incidents.' "

In the light of the foregoing, subdivision e of section 67 of the Bankruptcy Act gives this court power to determine the issues presented by the counterclaim herein.

The motions to dismiss the counterclaim are, therefore, denied.